

AUSA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Mag. Case No. '08 MJ 8490 |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | Title 8, U.S.C., Section 1324 (a) (2) (B) (iii) Bringing In Illegal (Aliens's without Presentation |
| Armando RAMIREZ-Alvarez, ) | |
| Defendant. ) | |

The undersigned complainant, being duly sworn, states:

On or about May 30, 2008, within the Southern District of California, defendant Armando RAMIREZ-Alvarez, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Arturo ALCANTAR-Duarte and Aron PALACIOS-Castillos had come to, entered and remained in the United States in violation of law, did bring in illegal aliens without presentation, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a) (2) (B) (iii)

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Senior Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 2nd DAY OF JUNE 2008.

_____
PETER C. LEWIS
United States Magistrate Judge

I, Senior Border Patrol Agent Marco Miranda declare under penalty of Perjury, the following is true and correct:

# PROBABLE CAUSE STATEMENT

The complaint states that this complaint is based upon statements in the investigative reports by the apprehending agents, S. Templin and J. McGilvray that on May 30, 2008, the defendant, Armando RAMIREZ-Alvarez, a citizen of Mexico was apprehended south of Anza Road near the New River approximately half miles west of Calexico, California, as he attempted to smuggle two illegal aliens.

At approximately 12:50 P.M., Agent Templin observed three subjects illegally enter the United States by wading north in the New River. Agents Templin and McGilvray approached the east bank of the New River, identified themselves as United States Border Patrol Agent and verbally instructed the group to exit the water.

Agent Templin recognized one of the subjects as Armando RAMIREZ-Alvarez, a smuggler who frequently guides illegal aliens north in the New River. Agent Templin also observed as the other two subjects later identified as Arturo ALCANTAR-Duarte and Aron PALACIOS-Castillo were following immediately behind RAMIREZ. Agents Templin and McGilvray heard as RAMIREZ was verbally instructing ALCANTAR and PALACIOS to ignore the Border Patrol and to continue following him. RAMIREZ also told ALCANTAR and PALACIOS that if they stay in the water Border Patrol would not apprehend them.

The group continued north in the New River for approximately half a mile until arriving to the New River Gate. Agents V. Huerta and R. Roberts were positioned by the New River Gate. At the gate, RAMIREZ was instructing ALCANTAR and PALACIOS on how to circumvent the gate. After RAMIREZ was unable to persuade ALCANTAR and PALACIOS, RAMIREZ became frustrated and assaultive toward the agents. RAMIREZ began splashing contaminated water and mud at the agents forcing agents to deploy non lethal projectiles.

Agent Templin ordered ALCANTAR and PALACIOS to turn back and all three began wading south in the New River. As the group was wading back south, agents again attempted to persuade the group to exit the river. Agents also informed RAMIREZ that they were not going to allow him to continue to Mexico. RAMIREZ again became frustrated and aggressive and picked up a foreign object with his hand. Agents instructed RAMIREZ to drop the object, but refused to comply and again agents were forced to use non lethal projectiles. Agents instructed RAMIREZ to exit the river to which, he complied. As RAMIREZ was exiting the river, he instructed ALCANTAR and PALACIOS to exit the river and they also complied.

Agent McCalister conducted an immigration interview and determined that RAMIREZ was a citizen and national of Mexico and placed him under arrest. Agent McGilvray conducted an immigration interview on the two other subjects and determined that they were citizens and nationals of Mexico illegally present in the United States. All three subjects were transported to the Calexico Border Patrol Station.

At approximately 7:15 P.M. hours, RAMIREZ was advised of his Miranda Rights. RAMIREZ stated that he understood his rights and was willing to answer questions without an attorney present.

RAMIREZ stated that his true and correct name is Armando RAMIREZ-Alvarez born on December 4, 1964. RAMIREZ stated that he was born in Huetamo, Michoacan, Mexico and lives there as well. RAMIREZ also stated that he is a citizen of Mexico without any immigration documents to be in the United States legally. RAMIREZ stated that he was hoping to go to Los Angles, California and also said that he has been apprehended on one occasion for attempting to enter into the United States illegally.

Material Witnesses Arturo ALCANTAR-Duarte and Aron PALACIOS-Castillos stated that they crossed into the United States through the New River. The guide gave them instructions to stay in the water and someone would pick them up. Arturo ALCANTAR-Duarte made arrangements with an unknown individual to be smuggled into the United States for a fee of $1,800.00. Aron PALACIOS-Castillos made arrangements with an unknown individual to be smuggled into the United States for a fee of $1,500.00.

Arturo ALCANTAR-Duarte and Aron PALACIOS-Castillos were shown a six-pack photo line up; they both positively identified Armando RAMIREZ-Alvarez as the smuggler who guided them in the river.

The complaint state that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Arturo ALCANTAR-Duarte | Mexico |
| Aron PALACIOS-Castillos | Mexico |

Further, complaint states that, Arturo ALCANTAR-Duarte and Aron PALACIOS-Castillos, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to their criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

Executed on May 31, 2008 at 1200.

_____
Senior Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 pages, I find Probable cause to believe that the defendant named in this probable cause statement committed the offense on May 30, 2008 in violation of Title 8, United States Code, 1324.

_____
Leo S. Papas
United States Magistrate Judge

5/31/08    8:19 Am
Date/Time