ROBERT E. BOYCE
State Bar No. 79806
BOYCE & SCHAEFER
934 23rd Street
San Diego, CA 92102
619/232-3320

Attorney for Defendant
ARMANDO RAMIREZ-ALVAREZ

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR1912-DMS |
| Plaintiff, | **NOTICE OF MOTION AND MOTION:** |
| v. | **1)  TO COMPEL DISCOVERY/PRESERVE EVIDENCE; AND** |
| ARMANDO RAMIREZ-ALVAREZ, | **2)  GRANT LEAVE TO FILE FURTHER MOTIONS** |
| Defendant. | |
| | Date:  July 14, 2008 |
| | Time:  2:00 p.m. |

TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY and CHRISTOPHER TENORIO, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on July 14, 2008, at 2:00 p.m., defendant Armando Ramirez-Alvarez, by and through his counsel, Robert E. Boyce, will ask this Court to enter an Order granting the following motions:  1) to compel discovery, and 2) for leave to file additional motions.

## MOTIONS

Armando Ramirez-Alvarez, defendant herein, by and through his counsel, Robert E. Boyce, asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1)    Compel discovery; and

1       (2)    Grant leave to file further motion.

2       These motions are based upon the instant notice of motion and motion, the attached

3 memorandum of points and authorities, the files and records in the above-captioned matter,

4 and any and all other materials which may be brought to this Court's attention prior to or

5 during the hearing on these motions.

6                                  Respectfully submitted,

7

8 Dated: July 14, 2008                        /s/ Robert E. Boyce
                                         ROBERT E. BOYCE

9                                    Attorney for Defendant
                                    ARMANDO RAMIREZ-ALVAREZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBERT E. BOYCE
State Bar No. 79806
BOYCE & SCHAEFER
934 23rd Street
San Diego, CA  92102
619/232-3320

Attorney for Defendant
ARMANDO RAMIREZ-ALVAREZ

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR1912-DMS |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| ARMANDO RAMIREZ-ALVAREZ, | |
| Defendant. | Date:  July 14, 2008<br>Time:  2:00 p.m. |

**I.**

**STATEMENT OF FACTS**

According to discovery received to date, on May 20, 2008, at approximately 12:50 p.m., parole agents approached the east bank of the New River between Mexico and the United States and instructed a group, including defendant Ramirez, to get out of the water. Eventually, the group complied.  Ramirez was shot with non-lethal projectiles leaving the river.  Ramirez was determined to be a citizen and national of Mexico.  In an interview, Ramirez said he was hoping to go to Los Angeles, California, and had been apprehended on one prior occasion for attempting to enter the United States illegally.

Two of the illegal aliens in the group identified Ramirez as guiding them while they were in the river.

## II.

## MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

Mr. Ramirez-Alvarez moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1)    The Defendant's Statements. The government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any *Miranda* warnings which may have been given to the defendant. Fed.R.Crim.P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2)    Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports. transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed.R.Crim.P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch and other tapes, sworn statements, and prosecution reports pertaining to the defendant and his arrest. See, Fed.R.Crim.P. 16(a)(1)(B) and (C), Fed.R.Crim.P. 26.2 and 12(I).

(3)    *Brady* Material. The defendant requests all documents, statements, agents'

reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused.  *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(4)    <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>. The government must produce this information under *Brady v. Maryland*, 373 US. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5)    <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior record.  Fed.R.Crim.P. 16(a)(1)(B).

(6)    <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts under Fed.R.Crim.P. 16(a)(1)(C) and Fed.R.Evid. 404(b) and 609.  In addition, under Fed.R.Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed.R.Evid. 404(b) at trial.  The defendant requests such notice sufficiently in advance of trial in order to give the defense time to adequately investigate and prepare for trial.

(7)    <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant.  Fed.R.Crim.P. 16(a)(1)(C).

(8)    <u>Request for Preservation of Evidence</u>.  The defendant specifically requests the preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.  This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, the vehicles, and any evidence seized from the defendant or any third party.

(9)    <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed.R.Crim.P. 16(a)(1)(C).

(10)    <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief.  (Fed.R.Crim.P. 16(a)(1)(E).

(11)    <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(12)    <u>Impeachment Evidence</u>.   The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  See, Fed.R.Evid. 608, 609 and 613; *Brady v. Maryland*.  In addition, Ms. Negrete requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. *Kyles v. Whitley*, 115 S.Ct. 1555 (1995); *United States v. Henthorn*, 931 F.2d 29 (9tj Cir. 1991); but see, *United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996).

(13)    <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(14)    <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(15)    <u>Witness Addresses</u>.  The defendant requests the name and last known address

of each prospective government witness.  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(16)   <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.

(17)   <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(18)   <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1).  *Campbell v. United States*, 373 U.S. 487, 490-92 (1963).  In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(19)   <u>Giglio Information</u>.  Pursuant to Giglio v. United States, 3405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(20)   <u>Agreements Between the Government and Witnesses</u>.  The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local).  This request also includes any discussion with a potential witness about or

1  advice concerning any contemplated prosecution, or any possible plea bargain, even if no

2  bargain was made, or the advice not followed.

3      (21)   Informants and Cooperating Witnesses.  The defendant requests disclosure of

4  the names and addresses of all informants or cooperating witnesses used or to be used in this

5  case, and in particular, disclosure of any informant who was a percipient witness in this case

6  or otherwise participated in the crime charged against Mr. Ramirez-Alvarez.    The

7  government must disclose the informant's identity and location, as well as disclose the

8  existence of any other percipient witness unknown or unknowable to the defense. *Roviaro*

9  *v. United States*, 353 U.S. 52, 61-62 (1957).  The government must disclose any information

10 derived from informants which exculpates or tends to exculpate the defendant.

11     (22)   Bias by Informants or Cooperating Witnesses.   The defendant requests

12 disclosure of any information indicating bias on the part of any informant or cooperating

13 witness. *Giglio v. United States*, 405 U.S. 150 (1972).  Such information would include

14 what, if any, inducements, favors, payments or threats were made to the witness to secure

15 cooperation with the authorities.

16     (23)   Residual Requests.  Mr. Ramirez-Alvarez intends by this discovery motion to

17 invoke his rights to discovery to the fullest extent possible under the Federal Rules of

18 Criminal Procedure and the Constitution and laws of the United States. Mr. Ramirez-Alvarez

19 requests that the government provide him and his attorney with the above requested material

20 sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

21                                         **III.**

22                  **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

23     To date, Mr. Ramirez-Alvarez and defense counsel have received some discovery from

24 the government.  Counsel requests leave to file further motions based upon information

25 gained through the discovery process.

26                                         **IV.**

27                                    **CONCLUSION**

28     For the foregoing reasons, the defendant respectfully request that the Court grant the

motions made by the defendant.

Respectfully submitted,


Dated: July 14, 2008                             /s/ Robert E. Boyce
                                                 ROBERT E. BOYCE
                                                 Attorney for Defendant
                                                 ARMANDO RAMIREZ-ALVAREZ

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>ARMANDO RAMIREZ-ALVAREZ,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. 08CR1912-DMS

PROOF OF SERVICE

I, the undersigned, say:

1)    That I am over eighteen years of age, a resident of the County of San Diego, State of California;

2)    That my business address is 934 23rd Street, San Diego, California, 92102;

3)    That I have caused service of the

**NOTICE OF MOTION AND MOTION: 1) TO COMPEL DISCOVERY/PRESERVE EVIDENCE; AND (1) GRANT LEAVE TO FILE FURTHER MOTIONS**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

Christopher P. Tenorio, Esq.
Assistant United States Attorney
880 Front Street, Room 6293
San Diego, California, 92101

I certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last know address, at which place there is delivery service of mail from the United States Postal Service.

I certify under penalty of perjury that the foregoing is true and correct.  Executed July 14, 2008, at San Diego, California.

/s/ Robert E. Boyce
ROBERT E. BOYCE