```
 1  KAREN P. HEWITT
    United States Attorney
 2  CHRISTOPHER P. TENORIO
    Assistant U.S. Attorney
 3  California State Bar No. 166022
    880 Front Street, Suite 6293
 4  San Diego, California  92101-8893
    Telephone: (619) 557-7843
 5  Christopher.Tenorio@usdoj.gov

 6  Attorneys for Plaintiff
    United States of America
 7
```

|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | SOUTHERN DISTRICT OF CALIFORNIA |

| UNITED STATES OF AMERICA, | ) **GOVERNMENT'S RESPONSE IN OPPOSITION** |
|---|---|
|  | ) **TO DEFENDANT'S MOTION FOR DISCOVERY** |
| Plaintiff, | ) |
|  | ) CASE NO.  08CR1912-L |
| v. | ) JUDGE:     HON. M. JAMES LORENZ |
|  | ) COURT:     COURTROOM 12 |
| ARMANDO RAMIREZ-ALVAREZ, | ) DATE:      August 18, 2008 |
|  | ) TIME:      2:00 p.m. |
| Defendant. | ) |
|  | ) TOGETHER WITH STATEMENT OF FACTS, |
|  | ) MEMORANDUM OF POINTS AND |
|  | ) AUTHORITIES |
|  | ) |

   COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christopher P. Tenorio, Assistant United States Attorney, and hereby files its response in opposition to Defendant's motions. Said response is based upon the files and records of the case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//
//
//
//
//
//

**I.**

**STATEMENT OF FACTS**

On May 30, 2008, Defendant Armando Ramirez-Alvarez was arrested by Border Patrol agents near the New River in Calexico, California upon suspicion that he was smuggling illegal aliens. Defendant was seen instructing aliens how to bypass the New River Gate. In response to agents' orders to exit the New River, Defendant picked up a foreign object. When he refused to drop the object, agents used non-lethal projectiles. Defendant subsequently complied with renewed orders to exit the river.

Defendant was subsequently arrested and advised of his Miranda rights, which he waived. Defendant admitted he was a Mexican citizen and national with no legal documents to enter the United States. The aliens, Arturo Alcantar-Duarte and Aron Palacios-Castillos also admitted being Mexican citizens and nationals with no legal documents to enter the United States, and that Defendant guided them into the river in order to smuggle them into the United States.

**II.**

**THE GOVERNMENT WILL COMPLY WITH DISCOVERY OBLIGATIONS**

Defendant moves to compel discovery. Except as described below, the Court should deny Defendant's discovery requests.

**1.    Rule 16(a)(1)(A): Defendant's Statements**

The Government has already disclosed all known written statements of Defendant, reports of recorded statements, and the substance of oral statements made by Defendant in response to questions by government agents in this case. The government will attempt to obtain copies of Defendant's recorded statements.

//

**2.   Arrest Reports, Notes and Dispatch Tapes**

The Government at this time objects to the full production of the officers' handwritten or rough notes of interviews with prospective witnesses, or the production of any dispatch tapes or notes taken while listening to any dispatch tapes.

The discovery of rough notes of an interviewing agent are only <u>potentially</u> discoverable under the Jencks Act or Rule 16, and may be preserved to permit the district court to potentially decide whether they become discoverable. <u>United States v. Harris</u>, 543 F.2d 1247, 1252-53 (9th Cir. 1976); <u>but see</u> <u>United States v. Griffin</u>, 659 F.2d 932, 940 (9th Cir. 1982) (holding that the <u>Harris</u> court "actually failed to reach the issue of whether Rule 16 requires the preservation and subsequent production of an agent's rough notes of an interview with [a] defendant."). Whether notes must be produced must be decided on a case-by-case basis after an examination of the relevant facts, but not where the substance of the notes have been preserved in a formal memorandum. <u>United States v. Pisello</u>, 877 F.2d 762, 768 (9th Cir. 1976), <u>cited in</u> <u>United States v. Williams</u>, 291 F.3d 1180, 1191 (9th Cir. 2002).

Pre-trial production of rough notes of interviews with prospective witnesses is generally not required. <u>See</u> 8 U.S.C. § 3500. If rough notes do exist, they may become discoverable if they constitute "statements" within the meaning of the Jencks Act. Notes of investigators are "statements," only if they are (1) writings made by the witness are "signed or otherwise approved or adopted" by him, or (2) accounts which are "a substantially verbatim recital" of the witness's oral statements "recorded contemporaneously with the making of such oral statement." 18 U.S.C. § 3500(e); <u>Griffin</u>, 659 F.2d at

936.

If such notes constitute "statements," then they are discoverable after the testimony of the person from whom the statement was obtained, where that person "signed or otherwise approved" the statement (18 U.S.C. § 3500(e)(1)), or they are verbatim recitals of the interviewee's oral statements to the interviewing agent (18 U.S.C. § 3500(e)(2)). Id. at 937. The notes would not become discoverable after the testimony of the interviewing agent because the "statement" does not represent the agent's own words. Id. at 938. Notes of observations taken while on surveillance are also generally incomplete and not discoverable because they do not comprise a substantially verbatim narrative of the officer's assertions. United States v. Bobadilla-Lopez, 954 F.2d 519, 521-522 (9th Cir. 1992); United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).

If such rough notes exist in this case of interviews with potential witnesses, they would also remain undiscoverable under Rule 16 unless they have been adopted verbatim by the interviewed witness or are otherwise discoverable pursuant to Brady. See e.g., United States v. Friedman, 593 F.2d 109, 119 (9th Cir. 1979). A statement of a government witness is discoverable pursuant to Rule 16 only to the extent that its production is compelled by the Jencks Act. Id. at 120; United States v. Walk, 533 F.2d 417, 419 (9th Cir. 1975).

Further, although Rule 16(a)(1) allows for the discovery of a written or recorded statement made by the defendant, notes of an investigator which incorporate the statements of a witness, which in turn contain oral "statements" allegedly attributable to the defendant, are not discoverable except as permitted by the Jencks Act. Walk, 533 F.2d at 418. Further, Rule 16(a)(1)(A) does not require the

discovery of a defendant's oral statements unless they are made in response to interrogation by a person the defendant knows to be a federal agent. United States v. Hoffman, 794 F.2d 1429, 1432 (9th Cir. 1986). Notes of voluntary oral statements by the defendant, therefore, are not discoverable. Id.

### 3. Rule 16, and Brady: For All Purposes, Including Sentencing

The Government is well aware of, and will fully perform, its duty under, Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). Accordingly, the Government will disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the Government's case. As the Ninth Circuit Court of Appeals stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

Id. at 774-75 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the Government is not required to create non-existent exculpatory material); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure).

The Government is unaware of any Brady material beyond that discussed above, and will produce such material if it becomes available. The Government is presently unaware of any criminal

involvement by any prospective government witness, or that any prospective government witness is under investigation.

### 4. Rule 16(a)(1)(A), (B) and (C) and Fed. R. Evid. 404(b): Prior Arrests, Convictions Or Bad Acts

The Government has provided Defendant with evidence of his prior criminal record and prior bad acts pursuant to Rules 16(a)(1)(A), (B) and (C). The Government reserves the right to introduce such prior bad acts, and will address such evidence and its intentions in motions in limine to be filed separately according to the Court's scheduling orders.

### 5. Rule 16(a)(1)(C): Documents and Tangible Evidence and Evidence Seized

In accordance with obligations under Rule 16(a)(1)(C) and 16(c), the Government will permit the Defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are within or may come within the possession, custody, or control of the Government, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from or belong to the Defendant.

### 6. Expert Witness Notice Will Be Provided

The Government will meet obligations pursuant to Fed. R. Crim. P. 16(a)(1)(E) to disclose information regarding expert witnesses. The Government will produce details regarding the nature of the expert's testimony, and the qualifications of the expert if and when a trial date is scheduled and any expert is obtained.

//

### 7. Evidence of Bias, Motive to Lie, Impeachment or Criminal Investigations Regarding Government Witnesses

The Government has provided all relevant statements from which Defendant may argue a witness is biased or prejudiced against Defendant. The Government is unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony. The Government is aware of, and will comply with, its obligations regarding impeachment evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Aqurs, 427 U.S. 97 (1976).

### 8. The Defendant Is Not Entitled to Witness Addresses

The Government objects to Defendant's request for witness addresses. The objection is especially strong here where the witnesses are primarily juveniles who have expressed fear and repercussion of the defendant. Defendant may schedule access to witnesses through the Government or the witnesses' guardians.

### 9. The Government Is Unaware of Favorable Defense Witnesses

The Government is unaware of any witness who made a favorable statement concerning the Defendant, or of any statement that may be favorable to Defendant's defense, which have not already been provided in discovery.

### 10. The Government Will Comply With *Giglio*

The Government has not made any promises, express or implied, to any government witnesses in exchange for their testimony in this case. Therefore, the Government is currently unaware of any discoverable impeachment information pursuant to Giglio v. United States, 405 U.S. 150 (1972).

//

### 11. **Jencks Act**

Consistent with the Jencks Act, 18 U.S.C. § 3500, the Defendant is not entitled to disclosure of witness statements prior to the witness testifying on direct examination at trial. The Government must produce these statements only after the witness testifies on direct examination. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir.). Indeed, even material believed to be exculpatory and, therefore, subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979).

The Government reserves the right to withhold the statements of any particular witnesses until after they testify. However, notwithstanding any statements the Government deems necessary to withhold, the Government will disclose witness statements prior to trial in as timely a manner as practicable, provided defense counsel has complied with his obligations under Rules 12.1, 12.2, 16 and 26.2 of the Federal Rules of Criminal Procedure, and provided that defense counsel submitted all reciprocal discovery and "reverse Jencks" statements.

The Government will comply with its Rule 26.2 obligation to produce for the Defendant's examination statements of witnesses in the Government's possession after, or shortly before, such witnesses testify on direct examination. The Government objects to the Defendant's request that such statements be produced at this time. Similarly, if Rule 12(i) becomes relevant pursuant to suppression proceedings, the Government will comply with obligations to produce

1  statements in accordance with Rule 26.1.

2      The Government objects to Defendant's request for handwritten I-
3  213 forms to the extent, if any exist, the identical information has
4  been provided in the typewritten versions provided.

### 12.  Residual Request

6      The Government objects to Defendant's broad, unarticulated
7  "residual" discovery request.  The Government will otherwise comply
8  with its continuing discovery obligations.

### 13.  Preserve Evidence

10      The Government does not object to Defendant's motion to preserve
11  evidence to the extent it covers evidence within the Government's
12  possession and discoverable pursuant to Federal Rule of Criminal
13  Procedure 16. The Government objects, however, to Defendant's blanket
14  request to preserve unspecified evidence.

**III.**

**THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS**

17      Although the Government does not oppose in principle Defendant's
18  request to file further motions, the Government would oppose the
19  filing of any further substantive motions that would not be
20  entertained by the court until the time set aside for motions in
21  limine.  If the defendant foresees the need to file further
22  substantive motions, the Government respectfully requests that the
23  defendant request, and the Court set, a separate date for an
24  additional motion hearing, and that any motions in limine and trial
25  not be set until the conclusion of such hearing.
26  //
27  //
28  //

**IV.**

**CONCLUSION**

Based on the foregoing, except where noted otherwise, the Court should deny Defendant's motion for discovery and leave to file further motions.

DATED: July 22, 2008

                                            Respectfully submitted,

                                            KAREN P. HEWITT
                                            United States Attorney

                                            *s/Christopher P. Tenorio*
                                            CHRISTOPHER P. TENORIO
                                            Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ARMANDO RAMIREZ-ALVAREZ,<br><br>　　　　　　Defendant. | **CERTIFICATE OF SERVICE**<br><br>CASE NO.  08CR1912-L<br>JUDGE:　　HON. M. JAMES LORENZ<br>COURT:　　COURTROOM 12 |

IT IS HEREBY CERTIFIED that:

　　I, CHRISTOPHER P. TENORIO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS** on Defendant's attorney by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them. I declare under penalty of perjury that the foregoing is true and correct.

　　Executed on July 22, 2008　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*s/Christopher P. Tenorio*
　　　　　　　　　　　　　　　　　　　CHRISTOPHER P. TENORIO
　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

08CR1912-L